J-S26040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORY DEAN LOUGHMAN | : | |
| | : | |
| Appellant | : | No. 1858 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000795-2019

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED JUNE 18, 2020

Jory Dean Loughman (Loughman) appeals from the judgment of sentence entered in the Court of Common Pleas of Mercer County (trial court) following his negotiated guilty plea to two counts of kidnapping and one count of robbery.[1]  Loughman's appellate counsel seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We deny counsel's request to withdraw at this time.

The trial court outlined the facts underlying Loughman's convictions as follows:

> [Loughman] struck one or two individuals on the evening in question.  He then confined each of the two aforementioned

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2901(a)(3) & 3701(a)(1)(ii).

individuals for a substantial period of time. He took the victims' valuables, including jewelry, away from them. He blindfolded the victims. [Loughman] duck [sic] taped their wrists. The victims remained that way for a substantial period of time. The victims were restrained in [Loughman's] kitchen for multiple hours. [Loughman] then removed the two (2) individuals and took them with him in a vehicle. [Loughman] removed on of the victim's cell phones and discarded it out the window while the vehicle was moving. [Loughman] left the victims in the vehicle and left them alone. At the time [Loughman] left the victims they were still restrained in the back seat.

Trial Court Opinion, 2/3/20, at 5 (citations omitted). Following these events, Loughman was charged with 27 offenses, including multiple counts of kidnapping and robbery.

On September 9, 2019, Loughman entered into a negotiated plea agreement in which he pled guilty to two counts of kidnapping and one count of robbery, all first-degree felonies. The Commonwealth withdrew the remaining charges. Loughman and the Commonwealth agreed to a sentence of 5 to 10 years' incarceration on each count of kidnapping and 5 years of probation on the count of robbery. Each sentence was to be imposed consecutively for an aggregate sentence of 10 to 20 years of incarceration followed by 5 years of probation.

Following a pre-sentence investigation and report, the trial court sentenced Loughman in accordance with the agreement on November 4, 2019. On that same day, Loughman made an oral motion to withdraw his guilty plea, which the trial court denied. Loughman filed a timely post-sentence motion seeking to modify the sentence, which the trial court denied.

Loughman filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement raising challenges to the discretionary aspects of his sentence. However, approximately one month later, his counsel filed an amended statement pursuant to Pa.R.A.P. 1925(c)(4) notifying the trial court that she intended to file an Anders brief on appeal. The trial court subsequently filed a Pa.R.A.P. 1925(a) opinion addressing the substantive issues raised in Loughman's initial Pa.R.A.P. 1925(b) statement.

Before reaching the merits of Loughman's appeal, we must consider counsel's request to withdraw. See Commonwealth v. Lilley, 978 A.2d 995, 997 (Pa. Super. 2009). It is well-settled that:

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

Id. (citations omitted). Further, our Supreme Court ruled in Santiago, supra, that Anders briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" Santiago, supra at 360. "If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate

instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf)." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007).

After review, we conclude that counsel has not complied with the technical requirements of Anders. Counsel has filed a no-merit letter rather than an Anders brief. A no-merit letter is the appropriate practice when counsel seeks to withdraw from representation in proceedings under the Post Conviction Relief Act pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). While the procedures under Anders and Turner/Finley are "close cousins," a proper Anders brief is more protective of the defendant's rights than a no-merit letter under Turner/Finley, as a defendant on direct appeal from his or her sentence has a constitutional right to counsel. Wrecks, supra, at 721-22. Thus, counsel's no-merit letter in this direct appeal from Loughman's judgment of sentence is improper. Lilley, supra.

Additionally, the letter counsel sent to Loughman accompanying her no-merit letter contains the following language:

> Enclosed please find a copy of our application to withdraw our appearance and accompanying no-merit letter. You are hereby informed that you have a right to retain new counsel to prosecute your appeal or you may raise any appropriate issues in a pro se brief. If the Superior Court grants our request to withdraw as your counsel you will have thirty days to obtain substitute counsel or to file a pro se brief.

See Application to Withdraw as Counsel, 3/13/2020, Exhibit A.  While counsel informed Loughman that he has a right to retain new counsel or submit a pro se brief, the letter erroneously advises Loughman that he would have an additional thirty days to retain new counsel or file a pro se brief if this court grants counsel's application to withdraw.[2]  However, once counsel files an Anders brief and accompanying application to withdraw, a defendant is permitted to immediately file a pro se brief or retain new counsel, even though he is still represented by Anders counsel.  Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007).  This court will then consider the Anders brief in addition to any pro se appellate brief in reviewing the merits of the case.  Id.  We will then grant the application to withdraw only if, upon our review of the briefs and our independent review of the record, we conclude the appeal is wholly frivolous.

Counsel is hereby instructed to file either an advocate's brief or a brief that complies with the Anders requirements and a revised request to withdraw within 30 days of the filing of this memorandum.[3]

_____

[2] To date, Loughman has not filed a pro se brief, and no other attorney has entered an appearance or submitted a brief on his behalf.

[3] Counsel has also failed to append a copy of her Pa.R.A.P. 1925(b) statement and the trial court's responsive Pa.R.A.P. 1925(a) opinion to her brief.  See Pa.R.A.P. 2111(d), (b).  Her advocate's brief or revised Anders brief should include all addendums required by our rules of procedure.

Motion for Leave to Withdraw as Counsel denied. Panel jurisdiction retained.